[Cite as *State v. Umphlettee*, 2011-Ohio-1322.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| RYAN UMPHLETTEE | : | Case No. 10-CA-89 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                                             Case No. 09CR56



JUDGMENT:                                      Affirmed



DATE OF JUDGMENT ENTRY:          March 18, 2011



APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

BRIAN T. WALTZ                             ROBERT D. ESSEX
20 South Second Street                    1654 East Broad Street
4th Floor                                          Suite 302
Newark, OH  43055                         Columbus, OH  43203

*Farmer, J.*

{¶1} On February 6, 2009, the Licking County Grand Jury indicted appellant, Ryan Umphlettee, on three counts of trafficking in marijuana in violation of R.C. 2925.03, and one count of possession of marijuana with forfeiture specifications in violation of R.C. 2925.11. On September 4, 2009, appellant pled guilty as charged. By judgment entry filed September 8, 2009, the trial court sentenced appellant to three years of community control.

{¶2} On January 21, 2010, a motion was filed to revoke appellant's community control. By judgment entry filed February 16, 2010, the trial court extended appellant's community control by two years.

{¶3} On June 10, 2010, a second motion was filed to revoke appellant's community control. A hearing was held on July 12, 2010. By judgment entry filed same date, the trial court revoked appellant's community control, and sentenced appellant to an aggregate term of three and one-half years in prison as set forth in the original sentencing entry.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "IN LIGHT OF OREGON V. ICE, THE TRIAL COURT ERRED IN FAILING TO MAKE THE REQUIRED FINDINGS UNDER O.R.C. 2929.14(E)(4) TO JUSTIFY CONSECUTIVE SENTENCES."

I

{¶6}   Appellant claims the imposition of consecutive sentences was contrary to law.  We disagree.

{¶7}   Appellant argues the trial court "was still required to make findings under 2929.14(E)(4) prior to the imposition of consecutive sentences in this matter." Appellant's Brief at 8.  In support of his arguments, appellant cites the case of *Oregon v. Ice* (2009), 555 U.S. 160, wherein the United States Supreme Court "upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes that requires Oregon's trial judges to make factual findings prior to imposing consecutive sentences."  *State v. Hodge,* ___ Ohio St.3d ___, 2010-Ohio-6320, ¶3.

{¶8}   In the recently decided *Hodge* case, the Supreme Court of Ohio thoroughly analyzed the *Ice* decision vis-à-vis its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, and concluded the following at ¶39-40:

{¶9}   "For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*.  Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

{¶10}   "The trial court in this case did not err in imposing consecutive sentences without applying R.C. 2929.14(E)(4) and 2929.41(A), and defendants such as Hodge who were sentenced without application of the statutes are not entitled to resentencing."

{¶11} In the case sub judice, the trial court sentenced appellant to six months each on the trafficking in marijuana convictions in the fifth and fourth degrees and two years on the possession of marijuana conviction in the third degree, to be served consecutively for a total of three and one-half years. Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." Felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months" and felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(4) and (5).

{¶12} The sentences herein are within the statutory sentencing range, and the trial court did not abuse its discretion in ordering them to be served consecutively. See, *State v. Mooney,* Stark App. No.2005CA00304, 2006-Ohio-6014; *State v. Firouzmandi,* Licking App. No 2006-CA-41, 2006-Ohio-5823; *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶13} Upon review, we find the imposition of consecutive sentences was not contrary to law.

{¶14} The sole assignment of error is denied.

{¶15} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Patricia A. Delaney_____

                    JUDGES

SGF/sg 228

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RYAN UMPHLETTEE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-89 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Patricia A. Delaney_____

JUDGES